BARKETT, Circuit Judge,
specially concurring:
I agree that the sentence in this case is reasonable under the especially egregious facts of this case. I do not agree with Amedeo that the district court relied on Rozelle’s death in fashioning Amedeo’s sentence.[1] Had the court relied on the death, I would have found this to be an impermissible factor.[2]
Moreover, although the district court’s sentencing order made no mention of evidence that mitigated in favor of Amedeo with respect to the § 3553(a) factors (namely evidence pertaining to his history and characteristics), the record clearly shows that the district judge solicited input from defense counsel and heard extensive argument on the mitigating evidence. The record does not support Amedeo’s claim that the district court did not consider mitigating evidence or that the resulting sentence was unreasonable in light of the particularly egregious circumstances of this case and the limited mitigating value of the evidence he presented.
While we will give due deference to the district court’s weighing of the relevant factors under § 3553(a), a discussion by the district court of the factors being weighed and considered significantly aids appellate review as “[t]he reasons given by the district court for its selection of a sentence are important to assessing reasonableness.” United States v. Williams, 456 F.3d 1353, 1361 (11th Cir.2006). I find that, in this case, the district court did adequately set forth the factors weighed and considered.
Therefore, I concur.

. The district court’s order makes no mention of the death as having been among the factors upon which it relied to impose an above-Guidelines sentence on remand. Although the judge acknowledged the fact that Rozelle had died, he expressly recognized that the death was not a part of the offense of conviction, as we held in Amedeo I. 370 F.3d at 1323 (11th Cir.2006). Moreover, when the judge discussed the events that he did consider in fashioning the sentence, he made no mention of Rozelle's death.

. In Amedeo I, we observed that, while it was possible that Amedeo could be separately charged with Rozelle's death, his offense of conviction did not encompass Amedeo’s death for sentencing purposes. Id. On remand, the district judge did not make any finding that Amedeo was responsible for Rozelle’s death, even though he of course acknowledged the tragedy of the death at the sentencing hearing. Therefore, I do not believe that Rozelle's death would have been a permissible factor under § 3553(a) for distributing cocaine to a minor.